No. 18,560.

DELIA C. ALLISON *v.* MARION D. TRUSTEE.
(344 P. [2d] 1077)

Decided October 5, 1959. Rehearing denied November 2, 1959.

Mr. Eugene O. Bird, for plaintiff in error.

Messrs. Wormwood, O'Dell & Wolvington, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

We will refer to the parties as they appeared in the trial court.

The action originated in the district court of Elbert county where plaintiff sought to recover damages for personal injuries alleged to have been sustained by her when she attempted to walk across a highway and was struck by an automobile driven by Marion D. Trustee, the defendant. The accident occurred in the town of Simla, in Elbert county. Defendant was driving west on U. S. Highway 24 where Washington street inter-

sects the highway at the western edge of the town. Plaintiff, a woman eighty years of age, had been walking west along the highway and attempted to cross from the south to the north side thereof, when struck by defendant's car.

The usual pertinent issues were framed by the pleadings, namely, an allegation of negligence on the part of defendant, which was denied by him, and a defense of contributory negligence asserted by him. Motion for directed verdict was made by plaintiff's counsel at the close of the evidence, and was denied. The jury returned a verdict in favor of defendant, after which counsel for plaintiff filed a motion for judgment notwithstanding the verdict, which motion was denied and judgment entered for defendant. The plaintiff brings error.

Over objection of counsel for plaintiff the trial court gave Instruction No. 3 which was as follows:

"You are instructed that there was in full force and effect at the time and place of this accident, the following Colorado Statute:

"13-4-59. Crossing at other than crosswalks. — (1) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway.

"You are instructed that there was not a marked or unmarked crosswalk at the place where this accident took place."

The propriety of this instruction must be considered in connection with another portion of the same section of the statute from which it was taken. We also must consider the instruction as related to pretrial procedures hereinafter mentioned. In practical effect the instruction amounted to a directed verdict for the defendant. This is true for the reason that in another instruction the jury was told that "the violation of a state statute is negligence per se, that is, negligence in and of itself."

The first portion of Instruction No. 3, above

quoted, was taken from C.R.S. '53, 13-4-59 (1). Subparagraph (4) of the same section places a definite qualification upon the broad language of subsection (1) as will readily be seen from the provisions of the former, to-wit:

"Notwithstanding the provisions of this section every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway."

 Even assuming that the court was correct in telling the jury that "there was not a marked or unmarked crosswalk at the place where this accident took place," it was error not to inform it concerning the degree of care required of the driver of the car by subsection (4) above. The testimony showed that defendant saw the aged plaintiff on the south side of the highway prior to the time she started north across it; that she was hurrying to cross the highway; that defendant's car wheels locked upon application of brakes and left 103 feet 5 inches of skid marks; and that the accident occurred in a residential area where reduced speed was required.

The trial court in denying motions for directed verdicts made by each of the parties stated:

"I think, in this case, that the first paragraph of 13-4-58 should be deleted. [This section provides that a pedestrian in a crosswalk marked, or unmarked, shall have the right of way over vehicular traffic.] It has been shown that there was not a marked crosswalk. It has not been shown that it was an unmarked crosswalk within the meaning of the statute and I think, by leaving that out entirely, and by an instruction, it might go to the jury. But I am satisfied that there is no proof that there was a marked or unmarked crosswalk in this case." Accordingly, the trial court gave the said instruction,

even though under the pretrial conference order there was no issue of fact to be proven with reference to the location of the plaintiff at the time of the accident.

■ Paragraph 1 of the complaint alleged that, " * * * While plaintiff was crossing U. S. Highway 24 in the crosswalk at the intersection of U. S. Highway and Washington Street in the Town of Simla, * * * " she was struck by the car driven by defendant. The pretrial conference order duly signed by the trial judge, to which no objection was made by either party, states that:

"Now on this day this matter comes on for pretrial conference, the parties hereto appearing by their respective counsel of record; that the parties admit, stipulate and agree, and the Court DOTH ORDER:

"1. The time and place of the accident as alleged in plaintiff's complaint is admitted."

■ Having thus stipulated the fact, which dispensed with the necessity of proof, it was error for the trial court to instruct the jury on a fact situation in a manner wholly inconsistent with the stipulation. Defendant, for the purposes of that trial was bound by his stipulation.

The trial court erred in giving Instruction No. 3, and the judgment is reversed and the cause remanded for a new trial.